IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARL W. WHITMORE, | ) | CASE NO. 1:18 CV 525 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| LORAIN POLICE DEPARTMENT, et. al., | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants. | ) | AND ORDER |

I.  Introduction

*Pro Se* Plaintiff Carl W. Whitmore ("Whitmore" or "Plaintiff") filed a complaint (Docket #1), and then an amended complaint (the "Complaint") (Docket #3) pursuant to 42 U.S.C. § 1983 against nine defendants in connection with their alleged seizure and failure to return a Ruger 9mm pistol (model P89), sixteen rounds of ammunition, and two magazines (collectively "property") (Docket #3 at 3-4, ¶ 15, 21). The nine defendants are the City of Lorain, Lorain Police Department,[1] Chief of Police Cel Rivera, Mayor Chase Ritenaur, Officer Lacock, Sergeant Brown, Officer Torres, Officer Graupman, and Patrolman E. Gonzalez (collectively "Defendants"). Plaintiff claims that Mayor Ritenaur is "in charge" of the Lorain Police

---

[1] Defendant Lorain Police Department is not *sui juris* and is dismissed from this action. *See Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 531 (N.D. Ohio 2012) (collecting cases).

Department, Chief Rivera is responsible for "formulating, executing and administering within the City of Lorain the laws, customs, practices, and policies at issue in this lawsuit[,]" and Officers Lacock, Brown, Torres, Graupman, and Gonzalez are or were employed by Lorain Police Department at all relevant times (*id.* at 2, ¶ 3-5).

Plaintiff alleges that on December 3, 2008, "Lorain police officers" and Life Care Ambulance arrived at Plaintiff's residence in response to a call from his brother who was concerned that Plaintiff might harm himself (*id.* at 3, ¶ 12). Plaintiff was transported to Lorain Community Health Partners Hospital for an evaluation (*id.* ¶ 14).

After he was released from the Hospital, Plaintiff returned home and learned that his property had been taken from his home by "the police officers" without his knowledge or consent (*id.* ¶ 15). Plaintiff alleges that he repeatedly requested the return of his property without success and, within the past 18 months, was informed that his property had been destroyed (*id.* at 4, ¶ 17-19).

On these facts, Plaintiff claims that the customs, practices, and polices of "Defendants"[2] deprived him of his property without due process of law and denied him equal protection of the law, all in violation of his rights under the Second and Fourteenth Amendments of the United States Constitution and certain articles of the Ohio Constitution (*id.* at 5-6, ¶ 26-34). Plaintiff seeks declaratory and injunctive relief, and the return of his property (*id.* at 6-7).

---

[2] Plaintiff alternately refers to "Defendant" and "Defendants" throughout the Complaint.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state claim for relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted).

There are nine attachments to the Complaint.[3] "A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c). The Court will, therefore, consider those attachments when assessing the sufficiency of Plaintiff's claims. *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 292 (6th Cir. 2015) ("The federal rules treat [exhibits attached to the complaint] as part of the pleadings.").

---

[3] Plaintiff's civil cover sheet indicates that the instant action is related to case number 2008CRB0408 in Lorain Municipal Court (Docket #3-1 at 1). The docket for that criminal case (among other documents) is attached to the Complaint and indicates that on November 1, 2008, Whitmore was charged with disorderly conduct and obstructing official business (*see* Docket #3-2 at 1-5).

### III. Discussion

#### A. 42 U.S.C. § 1983

"Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' by any person acting 'under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory.'" *Gomez v. Toledo*, 446 U.S. 635, 638 (1980) (quoting 42 U.S.C. § 1983). Section 1983 actions may be brought against state actors in their individual or official capacities. The Complaint does not indicate whether Chief Rivera, Mayor Ritenaur, Officer Lacock, Sergeant Brown, Officer Torres, Officer Graupman, or Patrolman Gonzalez are sued in their individual or official capacities.

##### 1. *Plaintiff fails to state a claim against defendants in their individual capacities*

A "critical aspect" of a § 1983 claim is that in order for a defendant to be held liable, Plaintiff must demonstrate "'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 676). That is, Plaintiff must show that the alleged violation of his constitutional rights was committed *personally* by a named defendant. *Id.* (emphasis in original); *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (persons sued in their individual capacities under § 1983 are liable only for their own unconstitutional behavior) (citations omitted).

Here, Plaintiff's allegations generically refer to "Defendant" or "Defendants." Even liberally construing the Complaint, Plaintiff's § 1983 claims against Chief Rivera, Mayor Ritenaur, Officer Lacock, Sergeant Brown, Officer Torres, Officer Graupman, or Patrolman Gonzalez are subject to dismissal because he does not specifically allege that any of them were

-4-

personally involved in and/or responsible for the alleged constitutional violations. Accordingly, Plaintiff fails to state a plausible § 1983 claim upon which relief can be granted against these defendants in their individual capacities. *See Frazier v. Michigan*, F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of § 1983 claim under 28 U.S.C. §§ 1915(e) and 1915(A) and 42 U.S.C. § 1915e(c) for failure to state a claim against defendants in their individual capacity where plaintiff does not allege which of the named defendants were personally responsible for each claimed rights violation).

### 2. *Plaintiff fails to state a claim against defendants in their official capacities*

To the extent that Plaintiff alleges that Chief Rivera, Mayor Ritenaur, Officer Lacock, Sergeant Brown, Officer Torres, Officer Graupman, or Patrolman Gonzalez violated his Constitutional rights in their official capacities, his claims against them are equivalent to his claims against the City of Lorain. *See Dotson v. Wilkinson*, 477 F. Supp. 2d 838, 852 (N.D. Ohio 2007) ("Courts have long recognized that suits against state officials in their official capacity are treated as suits against the state.") (citing *Hafer v. Melo,* 502 U.S. 21, 25 (1991) and *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 n. 55 (1978) ("Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.")). To state a § 1983 claim against the City of Lorain, Plaintiff must allege that the claimed violation of his constitutional rights was caused by an unconstitutional policy, ordinance, regulation or decision officially adopted and promulgated by the City. *Monell*, 436 U.S. at 690; *Hafer*, 502 U.S. at 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

Plaintiff claims that violations of his constitutional rights resulted from "Defendants" customs, practices, and policies. But beyond this conclusory statement, Plaintiff alleges no facts

that support such a conclusion, or from which the Court could infer the existence of any such policy officially adopted and promulgated by the City of Lorain, or the role of such a policy in the alleged constitutional violation. Although the Court is required to liberally construe the Complaint and make reasonable inferences in Plaintiff's favor, the Court is not required to accept as true legal conclusions unsupported by well-pleaded facts or unwarranted factual inferences. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987)) (further citation omitted). Nor is the Court required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

The bare legal conclusions in the Complaint do not provide a basis upon which the Court may determine that Plaintiff has asserted a plausible official capacity § 1983 claim for relief. *Crawford v. Geiger*, 996 F. Supp. 2d 603, 613 (N.D. Ohio 2014) (vague allegations of official capacity liability based on policies, practices, and customs is insufficient to support the existence of such a policy and state a § 1983 claim where no facts are alleged about a specific government policy) (citing *Center for Bio–Ethical Reform, Inc. v. Napolitano,* 648 F.3d 365, 372-373 (6th Cir. 2011) ("vague and conclusory allegations and arguments" are insufficient to support the existence of a policy)); *see also Barrett v. Wallace*, 107 F. Supp. 2d 949, 955 (S.D. Ohio 2000) (conclusory allegations of inadequate policies is insufficient to state a § 1983 failure to train claim) (citations omitted). Accordingly, Plaintiff fails to state a plausible § 1983 claim against the Defendants in their official capacity upon which relief can be granted.

B.   **State Law Claims**

Plaintiff asserts that the Court has subject matter jurisdictions over his federal claims pursuant to 28 U.S.C. § 1331, and pendent jurisdiction over his state law claims (Docket #3 at 2, ¶ 6). The Court has discretion to exercise jurisdiction over those supplemental claims pursuant to 28 U.S.C. § 1367(a), which provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Here, the Court has original jurisdiction over Plaintiff's § 1983 claim.[4] The Court may, nevertheless, decline to exercise supplemental jurisdiction over a state law claim pursuant to 28 U.S.C. § 1367(c) if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, or
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The determination of whether to accept or decline supplemental jurisdiction is left to the sound discretion of the Court. *See Musson Theatrical Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996). In exercising this discretion, the Court considers issues of judicial economy, convenience, fairness, and comity. *Id.*

"[I]f the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Musson*

---

[4] Based upon the Complaint, it appears that the Court lacks original diversity jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1332.

*Theatrical, Inc.*, 89 F.3d at 254-55 ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims[.]") (collecting cases).

Here, the Court has dismissed Plaintiff's federal claims pursuant to § 1915(e)(2)(B). Because all claims forming the basis of the Court's original jurisdiction have been dismissed, the Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly, Whitmore's state law claims are dismissed without prejudice.

### III. Conclusion

Plaintiff's Motion to proceed with this action *in forma pauperis* (Docket #4) is granted.

For all of the foregoing reasons, Plaintiff's federal claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. Plaintiff's state law claims are dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith. This case is hereby TERMINATED.

**IT IS SO ORDERED**.

_/s/ Donald C. Nugent_
DONALD C. NUGENT
United States District Judge

DATED: August 21, 2018